Ready to proceed. We'll call the first case, Reifer v. Westport. Mr. Wadley. Good morning. May it please the court, my name is Christopher Wadley. I represent the defendant appellant, Westport Insurance Corporation. Your Honors, I would request three minutes be reserved for rebuttal time. Yes, sir. Did Wilton change the Exxon closer scrutiny than normal rule? Well, it's interesting because we are on somewhat uncharted waters here in the Third Circuit because Wilton and Brillhart before it both dealt with situations where you have parallel state court proceedings pending at the same time. And so in Wilton, the Supreme Court expressly stated that it wasn't going to delineate the boundaries of a district court's discretion where there weren't parallel state court proceedings pending at the same time. Interestingly enough, Exxon was a case, it wasn't an insurance case, but it was a case where there weren't parallel state court proceedings. So while Wilton does affirm the proposition that a district court does have discretion under the Declaratory Judgment Act, it doesn't set forth the boundaries that apply to that discretion. And therefore, we believe Exxon, the closer scrutiny than normal, still controls within this circuit. And actually, I don't think it's just that our review at this level should just be for abuse of discretion. It certainly, right, it certainly is an abuse of discretion standard. Is it just a plain abuse of discretion, or is it closer scrutiny by us than normal? Well, we believe it's closer scrutiny than normal, which is, it's interesting because in Exxon, the court said this is an abuse of discretion because it's the Declaratory Judgment Act. But at the same, by the same token, we've instructed district courts to give the Declaratory Judgment Act a liberal interpretation. And therefore, while it's a little more... But didn't we, in a case subsequent to Wilton, on this court, we really applied just abuse of discretion, didn't we? Well, that was also, is that the Gula case, I believe? Yeah. Well, that was, it was an unpublished case. And second, I think it also dealt with a situation where there were still underlying state court proceedings that were being, that were involved. I don't know what this means, closer, because frankly, I scrutinize everything closely. It's also like I never put in an opinion, we have carefully examined this issue. Well, of course, we've carefully examined it. We carefully examined everything. Of course. So, I mean, I just don't understand what it means. And I don't necessarily know what it means either. What we've seen other courts have done, and I would direct the court's to the Eighth Circuit's opinion in Scottsdale v. Detco Industries. That was a situation where they're in this, it's, I don't want to say a no man's land, but it's a situation that's not controlled by Wilton because you don't have parallel state court proceedings. And so you're somewhere between the Wilton abuse of discretion and the Colorado River exceptional circumstances. And in there, they said, well, we're somewhere in between these two, so we're going to look at it a little more strictly as far as whether the district court has abused its discretion. And they, in that case, they set forth a series of six different factors. Other courts have articulated different factors, but I think generally agreed that the Wilton broad discretion standard doesn't necessarily control it. You say this isn't really a declaratory judgment action because it could have been brought as a breach of contract action, but doesn't the plain language of the Federal Declaratory Judgment Act suggest that parties are free to bring other claims, free to bring actions for declaratory judgment actions when there exists other claims? Well, yes, but I think you still need to have a legitimate basis to seek a declaratory judgment. And if you look at the case law in this circuit, and I'm referring to the ACNS versus Aetna, Corliss versus O'Brien, Step Saver versus Weiss Technologies, they all basically say that, look, a declaratory judgment action in the true legal sense is forward looking. It's a situation where the party's rights and liabilities are uncertain, and they come into court seeking a declaratory judgment so that they can conform with those rights and obligations in order to avoid damages that may be incurred in the event that one party or the other doesn't comply with their obligations. In Corliss, this court stated that a declaratory judgment action is not appropriate solely to adjudicate past conduct or solely to proclaim one party liable for another. And that's exactly what Ms. Reefer seeks here, is all of the conduct that gives rise to the claim is in the past. Westport denied coverage, I think it's three and a half years ago now. The underlying case proceeded all the way through to judgment. The only thing left is to declare whether Westport has an obligation to pay this judgment or not. And so this is not a situation where the underlying case is proceeding. We need a declaration whether we have a duty to defend, whether we may have a duty to indemnify. And I know it's a Pennsylvania State Court case, but the decision- What we should do with the case, which is probably the most important thing. I think that the case- So if we disagree with you and we say this is a declaratory judgment action, it's asking for the court to determine the rights and responsibilities under the policy and who should pay what, why did the district court err in sending it back to the state court? The district court erred because it did not follow essentially the summy factors, the summing. And in that case, the court set forth three factors to be considered when deciding whether to hear a declaratory judgment action involving insurance coverage. And don't they really contemplate a parallel state proceeding if you look at those factors? Generally speaking, yes, they do. At least three of- Well, at least the first one does. The first factor was the coverage issues if they're pending in a state court. That contemplates a parallel state court action. The second doesn't necessarily. The second factor is- Conflict between a duty to defend in state court, that doesn't necessarily contemplate a state court proceeding? Well, it contemplates a state court proceeding. It doesn't contemplate necessarily a parallel state court proceeding. What that contemplates is the underlying tort action is pending in the state court and the insurance company is saying- For example, say the insurance company is defending the insured under reservation of rights. So they're acknowledging the potential for coverage in the declaratory judgment. They've assigned an attorney to represent the insured in the underlying court action. And then they go into federal court saying the exact opposite, saying, no, no, this claim is excluded under coverage. I interrupted your question. I apologize. No, I think you've sort of answered it. Oh, okay. I think. So that's a situation where- Well, let's get back to your dialogue with Judge Van Antwerpen and that's the standard, abuse of discretion. Why would it be an abuse of discretion to send the case back to the state court just because there's no parallel proceeding? Well, we're not saying that it's an abuse of discretion just because there's no parallel proceeding. All right. So then how did the district court bear? The district court erred because it dismissed the case and remanded the state court simply because there's not a federal question involved. And it's our position that while on the one hand, just because there's no parallel state court proceeding doesn't necessarily foreclose the district court from dismissing the case, the mere fact that there's not a federal question involved shouldn't be enough in and of itself to say we're not going to hear this case. Because what we've seen happen in the district courts is they've applied summy to essentially summarily dismiss every insurance coverage action that's brought before them, which we think is a misapplication of summy. Why do you care if it's in the state court under Erie Railroad? It's supposed to come out the same anyhow, isn't it? Supposed to. That's the theory. So that the whole argument, the whole development of the law here assumes that Erie Railroad isn't really going to be followed, that you might get a different result. You must think you got a better chance for a good result in the federal court. Well, my client prefers to be in federal court. Why? Well, there's uniform procedures in federal court across the country. You know, and, you know, maybe, I mean, it's... We all know that generally federal courts are viewed as more conservative than state courts. It's not always the case, but let's put the cards on the table. Exactly. Now, you as an insurance, you could bring an action for declaratory judgment in federal court, couldn't you? We could have. All right. And if you lost, you'd have to pay, wouldn't you? Right. But you're saying the insured can't do that same thing? No, no, no. I'm not saying that at all. I'm saying, I mean, the insured... I guess I don't really understand the question. The insured can sue Westport. Absolutely. But what I'm saying is that when everything has already happened, when there's been a... When the underlying case is resolved, when there's nothing... They're trying to... Aren't they really... I know they said must pay, but aren't they really requesting a policy coverage determination? Isn't that really what this is? No. They want money. They want us to pay the $4.2 million. Well, that follows from the policy, the meaning of the policy and all that. Right. But under that logic, you could characterize any... You could characterize any action as a declaratory judgment action. If it's a fender-mender, I could say, I want to go into court for a declaration that the and must pay for my damages. And if you mean to say that, let's say the insured here wins. They go now to the clerk. They've got a decision by the district judge. You're saying to me that they could get the clerk to enter a money-dollar amount on that declaration. Could they do that? No. That's right. Right. I agree with you. Right. So all you're really getting is a declaration of policy. Isn't that why, in reality, they probably brought that other action that's out there somewhere? That's exactly why they brought that other action. Of course. Of course. Yes. And I've never seen it done that way before, but it's a two-pronged approach. They file one action for a declaratory judgment, win that, and then they have a second action to recover on that judgment. If they do that, they run a chance that somebody's going to argue that they split the cause of action, and that since they split the cause of action, they can't bring the money action. I suppose that's possible. It's not something that we've explored in great detail. Why shouldn't it be the law? Why should we allow multiple suits when there ought to only be one? I don't think the court should. I mean, that second action has always been a bit mysterious to me. They've never filed a complaint on that action, which they're allowed to do under Pennsylvania law. Let me ask you a follow-up on Judge Greenberg's point. Has Pennsylvania ever determined whether prejudice has to be shown in a claims-made case? I'm sorry, claims-made policy. Sure. You have an unpublished Pennsylvania Supreme Court case, which is the Ace v. Underwriters at Lloyd's. That was cited by this court in Fourth Street Investment v. Dowdell. And the quote in Fourth Street is, quote, an insurance company need not prove prejudice when denying coverage for lack of notice in connection with a claims-made policy. That's a, did you say, unreported decision? It is an unreported decision. Has Pennsylvania ever, through some rule or regulation, ever adopted this issue, this policy? Adopted the no prejudice rule for claims-made? At the appellate court level, yes. The Supreme Court has not issued a published opinion on it. Well, I'm wondering, because even though there are no parallel policies, it's an unsettled law, it's an unsettled issue in Pennsylvania jurisprudence. Well, I mean, And on that, shouldn't the state court address that issue, rather than the federal court? Well, it's unsettled only insofar as, I mean, you don't have a published Supreme Court decision. Every court that has decided this issue in Pennsylvania, and frankly, elsewhere across the country, has held that claims-made policies are different. You don't have to prove prejudice. But you're still asking the federal district court to predict what Pennsylvania courts predict. Is that accurate? That's accurate, yes. And doesn't this case have something unique about it, it involves an attorney at law who is subject to the discipline of the state Supreme Court, and it might just be something they would take into account in determining whether or not you have to show prejudice or not. Maybe just in the case of lawyers, who are particularly neglectful in the way they handle things. You know, I see, they've cited no basis upon which a Pennsylvania court could construe those rules of professional conduct and say they modify Westport's obligations under an insurance policy. You don't think the Supreme Court of Pennsylvania might, because of the attorney involved, that that might affect their decision? I don't think so. I mean, the Pennsylvania Supreme Court has said time and again, you have to apply the terms of an unambiguous policy as written. And these terms are unambiguous. Every court has determined they're unambiguous, and every court that's considered the issue has held, you don't have to prove prejudice under a claims-made policy. There are two cases removed here. The original case was a declaration, a slotted declaration that Westport had to pay the $4 million, and the second case was a precipice for summons, which is a Pennsylvania, at least I have it in New Jersey, was considered a great achievement, advancement when it was abolished. But the, were they both, are the two cases removed or one? We removed both of them. We were a little bit confused as to what was going on, why we received a precipice for summons with one case number and a complaint with the other. So we just removed everything. Has the plaintiff ever proceeded on the case involving the precipice for summons by filing a complaint? No. We immediately moved to dismiss the complaint that was filed, and that's when events took course, the magistrate. You never precipitied them to file a complaint in that other case, did you? I'm sorry? You never precipitied them to file a complaint in that case, which you could have done. We could have, yes. All right. Give some thought to the idea that there seems to be a policy in the Western District to refer all of these cases regardless of merits and without necessarily thought-out analysis to the state courts for analysis rather than the district court. You know what I'm talking about? Yes, yes. Okay. When you get back. Oh, yeah. Thank you. Mr. Baskin? I'm sorry, Mr. Naur. Thank you, Your Honor. I'm David Naur. I represent the plaintiff in this case. The first thing I'll go directly to is I do believe Learned Counsel misstated Pennsylvania law on the prejudice area. Could I just ask you your view on Wilton, sir? Yes, sir. I believe Wilton, and I think it's around 320 cases that have cited the Wilton case, all have abolished that, and it is abuse of discretion. Right. All right. Thank you. And you may proceed. Okay. So Pennsylvania does have a situation where they have interpreted a claims-occurred policy to include claims made to prejudice requirement. Now, the one case is under a statute, the Brakeman case, and then just recently – In Pennsylvania, an appellate court in Pennsylvania has said that the prejudice element applies to claims-made policies. Yes, Your Honor. And the insurer has to show – either show prejudice or it must provide coverage no matter how late the claim is presented or notice of a claim is given? Yes, Your Honor. What case – what's the site on that? The case site is Vanderhoff versus – I believe it's Erie – no, Harleysville Insurance Company, 606PA-272-997 Atlantic 2nd, 328 – 997 Atlantic 2nd. I'm sorry, Your Honor. 997 Atlantic 2nd, 328. This is what court? The Supreme Court of Pennsylvania. The Supreme Court of Pennsylvania has said that in every claims-made policy, notice must be given? No, Your Honor. Not in every case. It's dealt with the – Or prejudice has to be shown? The – not in every case, Your Honor, but they have in the modified no-fault automobile statute case where the Pennsylvania law requires a person who's injured in an auto accident where they don't know who the defendant is is called a phantom vehicle. And under that law, what they have to do is within 30 days of the accident, they must give notice to A, the police, and B, to the insurance company. This is all based on a specific statute? Yes, Your Honor. And the brakeman – You say that applies in a diversity case involving a declaratory judgment action? Yes, Your Honor. It would because it's the same type of situation. What you're saying is that the Pennsylvania Supreme Court, not completely but to a degree, has amalgamated transaction policies and claim-made policies in effect? Under that law, yes, Your Honor. And the basis they made because it came up – there's two decisions on it. The other one would be Foster – I believe it was State Farm versus Foster. Same issue comes up, only the facts were just a little bit different. In Foster, they gave notice to the insurance company but not to the police. When the injured person made their claim, the court held that the claims occurred policy portion had to be followed because the state police served a vital interest in apprehending the individual and also in making sure there's less chance for claim fraud. Shortly after that case came down, the Vanderhoff case came up, and in that case, the notice was given to the police but not to the insurance company. The court then held that because it was only a private contract between the insured and an insurance company, they would not hold the insured to the strict construction of the claims-occurred policy. Did you say claims occurred? I'm sorry, claims made. Claims made. Let me follow up on this because I was concerned about this idea that Pennsylvania's take on this in the motor vehicle context applies in other contexts as well. Well, we don't know that yet, Your Honor, because in all of the insurance policies and cases that I've reviewed, the reason they apply the claims reported standard strictly is because the insured had the option of buying either the claims made or the claims occurred. Right, and when you exercise that option, you take into account the premiums that are paid, don't you? You would. You most definitely would. Isn't the claims made policy a lot less in terms of premium than the claims occurred? Not in this area, Your Honor, not in the legal male. And why I say Pennsylvania has not dealt with this situation before is because when Mr. Russo purchased his insurance policy, no insurance company was licensed in the state of Pennsylvania to sell legal malpractice policies with claims occurred provisions. It seemed like it was an incentive to bring insurance companies into the state if you get them to provide claims made policies rather than claims occurred because claims occurred policies, an insurer may have to insure an event that occurred 20 years ago. Is that fairly accurate? That would be accurate, Your Honor. No, as long as the idea of no prejudice is shown. I believe the answer to that. But the claims made is a very, very limited time frame. Exactly, Your Honor. Does it affect the premiums? It would affect the premiums, but you have to have the option to purchase because the defense cases they cited before the district court, all were cases which were business cases, not consumer cases in which those two types of policies were available. Since only one policy is available, that whole logic falls. How do you support a decision? I think I get your point there. Regardless of the policy, if there's no prejudice, the insurer is on the hook. Right. Are you saying that there was, did I understand you to say that at the time this occurred that there was no company writing legal malpractice insurance in Pennsylvania on a claims made basis? Yes, Your Honor. So wasn't there a time when it was all claims made, that was just about the only thing you could get? As I remember, when I first started practice, which was sometime when President Eisenhower I think was still in diapers, that was there. Pardon? You were practicing then? Sometimes I feel like it, Your Honor. Sometimes it makes you feel that way. No, you are correct from my knowledge too, Judge. And then in the 90s, all of the insurers decided they wouldn't insure Pennsylvania lawyers and then all the policies are now. It's funny because I'm sitting here and I can specifically recall that in the 1960s, lawyers malpractice policies had both. If you bought a legal malpractice policy, you got an occurrence policy. So if a claim was made years later, like when you were a judge or something you had done in practice, you're covered. But it also covered any claim made during the term of the policy for an act prior to the policy unless you had notice when the policy was issued that there could be a claim. It was a two-way coverage. In my opinion, Your Honor, I wasn't familiar with that. That was the way they were written. And see, the other thing, Pennsylvania Supreme Court, there's a presumption that they don't do absurd things and don't come up. If you say this is so clear that there's really no dispute, as I think you're arguing, why can't the district court adopt your argument and say, well, it's clear, therefore, I can deal with it in the district court? Well, the reason there is because I believe it is in the Wilton case the Supreme Court said that when there's case law is closed or undecided, kick it back to the state. Or if it's settled. You're not saying it's closed. You're saying it's settled. You have to show pride. There is a dispute. Didn't the magistrate judge recommend against you? Yes, Your Honor. So, I mean, this is an intelligent, educated man. So obviously there's a dispute. A lot of educated people, myself included, Your Honor, are wrong at times. Well, yeah, but you can't say there's no dispute. No, what I'm saying. I happen to think there's a dispute. But your argument is that there is no dispute. It doesn't make any difference. If there is a dispute. My point is if I adopt your argument that there's no dispute, then the district court has no problem in addressing this issue. Well, I believe in the Wilton. You're telling us that the state Supreme Court has not yet decided whether or not to extend this to other areas beyond the motor vehicle area. Exactly, Your Honor. And that's something that the state courts would be better off doing, right? One hundred percent. So it's not completely clear. No, it's not clear because the case has never come up. And on top of that, there's a consumer protection issue in this case because Pennsylvania Supreme Court came out with a rule of professional conduct 1.4C where they included a requirement that lawyers tell their clients if they do not have legal malpractice insurance that they must tell them if they have it and they drop it. And so that was designed by our Supreme Court to protect the legal consumers that they would know. What is the rule that you propose that district courts follow in cases like this where an insurer from out of state removes a case from the state court because it's a declaratory judgment action to federal court? What is the rule that you propose that the district courts do? If there's no proceeding in the district court, I'm sorry, in the state court, you send the case to the state court as the district judge did here? I would believe that would be a way to go. Wouldn't that invite sort of a revolving door? I don't want to accuse our brothers and sisters on the lower court of work avoidance, but if you don't require a parallel state proceeding, it's not at least a very significant factor, wouldn't there be a temptation to send a lot of things back to the state courts? Well, you know, that would be a temptation, Your Honor, but the Eastern District in the purse versus Darwin Insurance Company also pointed out, as did Judge Brown, I believe, that you get insurance company forum shopping because if they did nothing, then the other side would have to file in the state court and it might be too late. So why file any declaratory judgment until you absolutely have to? Therefore, you have running around shopping. And the purse decision, I thought, was even better. They said the reason there isn't a state court proceeding, just like in this case, is because the insurance company has removed it from the state. So you're saying it would pay the insurance company to wait until the insured files a state court proceeding and then remove that, and you've got no parallel state court proceeding? Exactly. I mean, that's exactly what we're talking about and that's exactly what happened here. So there could be problems either way. Either way, Your Honor, and of course the key is what is the purpose of the law? And if it's the purpose of the law to settle state law, it should be state courts to decide it because in this case there are no federal causes of action whatsoever. And the reason you filed that other suit that was also removed was so that you could use that to get a money judgment if you need one? Is that really what's going on? Yeah, Your Honor. It's sort of a protective action. Yeah, basically you're trying to protect yourself, your own malpractice carrier, from the risk that a court could say, well, you filed a DECA action but you didn't file the other one and the appeal period would go by. You filed a precipi, got rid of summons, you served it, right? Yes. So you're safe and you were never precipit to file a complaint. Exactly, Your Honor. Why would it matter? It was under the Erie Railroad case, it's supposed to come out the same. I know I was amused. I was a judge in the appellate division of the Superior Court of New Jersey. I'd write an opinion on state law, people pay attention to it. Then I got appointed to this court, wrote an opinion on New Jersey law and no one paid any attention to it. So I thought, gee, did I get stupid? I mean, you know, I mean, it's supposed to come out the same, but it's coming out the same there. Sometimes, Your Honor, when you put meat into a meat grinder, you get good sausage and sometimes you don't. Nobody can hate you for wanting to remand this matter because you've got a judge, you've got a recommendation against you on the merits by the magistrate judge. I'd rather have the case in the state court. Not only that, but the magistrate judge was wrong because there are no cases I ever ran into where claims occurred, policies were not available. In the analysis of the district court, is that in the record? I'm not sure, Your Honor. It should be in the, I'm on red, I'm on red. Can I answer your question? Yes. Okay. Just when you look at the cases, Your Honor, all the cases they cited were cases where the insurer had the option. And now the question would be. How would, suppose I, I'm the only judge here from Pennsylvania. I don't know just who's going to write this thing, but I have a suspicion. But just how would I arrive at that if it's not in the record? I can't, it's not really something we could notice, is it? It would be, Your Honor, because it would be a matter of law. Because if you look at the cases. You're supposed to glean it from the cases. Rather than state it positively, Your Honor, I'm trying to be cautious. So what I tell you is the best I can think of right now is each of those cases that the district magistrate cited. They had a choice. They had a choice. Now you're in a no-choice situation and you're in contract adhesion. Just one last question. I just want to see if I can flesh this out. Because the district court's rationale for sending this case back to the state court is that there's no federal question. Is that correct? That's correct. So is it the case that whenever the circumstances appear like this, if there's no federal question and all that the court is looking at is a matter of state law, the court could not possibly abuse this discretion by sending it to the state court? In other words, the use of discretion is always validly exercised as long as there is no federal question involved. I believe that could be a holding. Is that accurate? Yeah. And that's the rule that you would urge that we adopt? I would urge it whether I'm getting it. It's another question, but that would definitely be part of it. You know, you just can't run. And I think that begs the question, should there be an analysis, a further analysis, like the Sumi case urges the district courts to go through a series of points to touch on before it sends a case to state court rather than making an arbitrary decision such as the matter is in state court, it's unsettled, let's send it to the state court. It's a different fact situation. Okay. In Sumi, the insurance company and the... The case is different. Yeah. But our court urged that there be an analysis of several factors before sending a case back to the state court. And that would be one of the factors. But the state court restraint would be one of the things they're looking at, you know, and... My concern is that the court did not seem to look at the various factors in this case but said no federal question, go to state court. Well, I think there's probably the fact that two of the three points that this court had made did not apply. Okay. One, the insurance company waited until after we got the judgment before and then came in with it and tried to say you can't have it. I'm going to have to cut you off. Thank you. You have to get to the other side and we have another case coming up. Mr. Wadley. And, Your Honor, I know you left me with one consideration. I'll get to that. The one thing I want to address first is this idea that there's no requirement for prejudice in the claims made context. Vanderhoff, the court can read that case for itself. Vanderhoff involved an automobile liability policy, underinsured motorists. Those are occurrence-based policies. The language in the statute is verbatim the notice requirement that was in the Brakeman case, which is where the notice prejudice rule was formulated by the Pennsylvania Supreme Court, which was an occurrence-based policy. So all those cases deal with occurrence-based policies or language in occurrence-based policies. The difference in a claims-made policy is that the requirement of notice is in the insuring agreement itself. It is the trigger of coverage. Whereas in an occurrence policy, the trigger of coverage is an accident and notice is just something that you have to give the benefit of the insurance company so that they can do their investigation. In a claims-made policy, it is what triggers coverage under the policy. And as Judge Fuentes pointed out, the idea is that there's a lesser premium involved there because the insurer, at the end of that policy period, closes its books. It's done. It doesn't have the tail coverage that you have under occurrence-based policies where they have to worry about some event 20 years ago that may give rise to a claim today. And as far as the rules of professional conduct, the rule says that the attorney has to tell the client whether they have insurance or not. Okay, if that rule meant you have to have coverage for every claim where the attorney told the client he had insurance coverage, what about other exclusions under the policy? I mean, you still have to look at the policy terms to see whether that claim is covered or not. So just because the attorney tells his client he has insurance coverage doesn't mean that a claim that's subsequently made is going to be covered under the policy. And then with respect to your question about, you know, the discretion here, absolutely, you know, it's our position that the courts have to look at the, you know, they have to judge each case based on the facts of the case before just making a decision, exercising discretion to remand the case to state court. It can't just be that revolving door, which it, frankly, has become, that, oh, this is an insurance coverage case, go back to state court. And, you know, in this case, the facts are particularly, militate particularly in favor of keeping the case where the case was in front of the district court for a year. We had extensive briefing on the merits. We had a 40-page opinion by the magistrate judge saying that this claim wasn't covered under the policy. There was no objection to the district court's jurisdiction by the plaintiff. The plaintiff sought leave to amend the complaint, was apparently content to litigate before the district court until she got that adverse decision by the magistrate. And then all of a sudden, oh, wait, we don't like, we don't want to be here. Let's object to the jurisdiction. And so in this case, even if, you know, those other factors, you know, might say, okay, you can send these cases back to state court. There was no reason to send this case back to state court where the issue had been decided by the magistrate and it was just a matter of ruling on that opinion. Thank you, Mr. Hartley. Thank you. Thank you both. Interesting case. We'll take the matter under advisement. Thank you, Your Honor.